OFFICE OF CONSUMERS' COUNSEL, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Consumers' Counsel *v.* Pub. Util. Comm. (1985), 16 Ohio St. 3d 9.]

(No. 84-982—Decided March 27, 1985.)

*Mr. William A. Spratley,* consumers' counsel, *Mr. G. James Van Heyde* and *Mr. James A. Pepper,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Robert S. Tongren* and *Mr. Steven H. Feldman,* for appellee.

*Mr. Alan D. Wright, Mr. Craig I. Smith, Messrs. Squire, Sanders & Dempsey, Mr. James H. Woodring* and *Mr. Alan P. Buchmann,* for intervening appellee.

*Per Curiam.* The issue before this court is whether the commission properly limited the refund of overrecovered system loss costs to the audit period under review. Appellant OCC contends that the commission should have ordered a refund of *all* excess system loss costs collected pursuant to the so-called EFC rule embodied in Ohio Adm. Code Chapter 4901:1-11. Specifically, OCC asserts that since the commission itself has acknowledged that use of the rule resulted in an overrecovery of system loss costs,[1] the commission abuses its discretion when it does not order a refund of all excess amounts collected since the defective rule was promul-

---

[1] See *In re Ohio Edison* (Jan. 26, 1983), case No. 82-164-EL-EFC.

gated. Moreover, OCC contends that inasmuch as R.C. 4905.69(C), which confers the relevant rulemaking authority, only empowers the commission to promulgate a rule which establishes incentives in terms of *costs* that may be recovered, the commission exceeded its authority when it promulgated a rule which allows a utility to recover more than its actual costs.

For the following reasons, we find that appellant is barred from raising these arguments, and therefore affirm the order of the commission.

In a previous case involving CEI, the commission reviewed that company's fuel procurement practices, including the computation of system loss costs for the very time period which appellant now claims produced an unlawful overrecovery. See *In re Cleveland Electric Illuminating Co.* (Feb. 23, 1983), case No. 82-168-EL-EFC. Based upon the findings of an independent auditor, the commission in that case found that CEI had calculated its EFC rate in compliance with the relevant rules. The commission did not find an overrecovery of system loss costs, nor did it defer the issue to a subsequent EFC proceeding. Neither OCC, which participated in that case, nor any other party, filed an application for rehearing or appealed the order alleging an overrecovery by CEI.

The inevitable conclusion from these facts is that OCC is barred by the doctrines of *res judicata* and collateral estoppel from attempting to relitigate the issue of the EFC rate which was previously determined to be proper. These doctrines operate to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction. See *Trautwein* v. *Sorgenfrei* (1979), 58 Ohio St. 2d 493 [12 O.O.3d 403], syllabus. The doctrine of collateral estoppel has been applied to administrative proceedings. *Superior's Brand* v. *Lindley* (1980), 62 Ohio St. 2d 133 [16 O.O.3d 150], syllabus.

In the interest of affording finality to the decisions of administrative bodies which are left unchallenged, we hereby determine that OCC lost its only opportunity to challenge the propriety of CEI's system loss costs computation for the period prior to September 1, 1982, when it failed to appeal or to request a rehearing of the previous order. This question was directly at issue in the prior proceeding and was passed upon by the commission. OCC cannot now attempt to reopen the question.

This court has held that where a valid final judgment has been rendered on the same issue between the same parties, that judgment is *res judicata* as to subsequent actions even if it was erroneous. *LaBarbera* v. *Batsch* (1967), 10 Ohio St. 2d 106 [39 O.O.2d 103], syllabus.

Based on our decision that the order in the previous case is insulated from attack due to the principles discussed above, we do not reach the question of whether the order in the instant case properly limited the refund to overrecoveries during the audit period under review.

In conclusion, we hold that *res judicata* and collateral estoppel bar

OCC from challenging CEI's computation of system loss costs prior to September 1, 1982. Accordingly, the order of the commission, limiting the refund of overrecoveries of such costs to the audit period under review, is hereby affirmed.

*Order affirmed.*

CELEBREZZE, C.J., SWEENEY, FORD, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

FORD, J., of the Eleventh Appellate District, sitting for LOCHER, J.