DECISION ON OBJECTION TO MAGISTRATE'S DECISION
{¶ 1} Relator, Marion County North Central Ohio Rehab Center, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its orders awarding temporary total disability compensation beginning May 2, 2002 to respondent Tracy R. Snare and to enter orders denying said compensation on grounds that the compensation is barred by the doctrine of res judicata.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate concluded the commission's award of temporary total disability compensation beginning May 2, 2002 is barred by the doctrine of res judicata. Accordingly, the magistrate determined this court should issue a writ of mandamus.
 {¶ 3} Claimant has filed an objection to the magistrate's decision, rearguing those matters adequately addressed in the magistrate's decision. For the reasons set forth in the magistrate's decision, the objection is overruled.
 {¶ 4} As the magistrate pointed out, following an October 31, 2001 hearing, a staff hearing officer issued an order that noted claimant's "resignation indicates she is leaving due to `incapability to continue working in a disorganized environment and differences of opinion with administration.' The claimant did not suffer an aggravation while working for a new employer. The claimant was at home and not at work when she alleges the aggravation occurred. Therefore, the Staff Hearing Officer finds Baker II is not applicable." (Magistrate's Decision, ¶ 12.) The staff hearing officer denied temporary total compensation on that basis, and claimant did not administratively appeal, allowing it to become a final order of the commission.
 {¶ 5} While claimant subsequently successfully moved for the recognition of an additional claim, the magistrate properly determined the "commission's recognition of the psychiatric condition, by itself, has no impact on the preclusive effect of the commission's final order of October 31, 2000, finding that claimant resigned her employment for reasons unrelated to her industrial injury." (Magistrate's Decision, ¶ 36.) Moreover, to the extent the staff hearing officer's order of August 28, 2002 suggests the voluntary abandonment of employment finding from the October 31, 2000 order was being re-adjudicated in light of the newly allowed condition, the magistrate properly concluded the staff hearing officer "did not have continuing jurisdiction at the August 28, 2002 hearing to alter the finding that claimant had resigned her position for reasons unrelated to her industrial injury." (Magistrate's Decision, ¶ 40.) Lastly, as the magistrate observed, nothing in the record suggests that claimant's resignation was induced by her anxiety disorder. Id.
 {¶ 6} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate the August 28, 2002 and January 8, 2003 orders of its staff hearing officers to the extent they are inconsistent with the magistrate's decision, and to enter new orders denying temporary total disability compensation for the period beginning May 2, 2002 based upon the preclusive effect of the staff hearing officer's order of October 31, 2000.
Objection overruled; writ granted.
Brown and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT State ex rel. Marion County North : Central Ohio Rehab Center, : Relator, : v. : No. 03AP-325 Industrial Commission of Ohio : (REGULAR CALENDAR) and Tracy R. Snare, : Respondents. :
 MAGISTRATE'S DECISION Rendered on November 19, 2003 IN MANDAMUS {¶ 7} In this original action, relator, Marion County North Central Ohio Rehab Center, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its orders awarding temporary total disability ("TTD") compensation beginning May 2, 2002, to respondent Tracy R. Snare and to enter orders denying said compensation on grounds that the compensation is barred by the doctrine of res judicata.
 Findings of Fact {¶ 8} 1. On January 4, 1999, respondent Tracy R. Snare ("claimant") sustained an industrial injury when she slipped on ice. She was employed as a "rehabilitation advisor." Her industrial claim was initially allowed for: "sprain lumbosacral; lumbar/-lumbosacral disc degeneration; sprain lumbar region; bulging disc," and was assigned claim number 99-306723.
 {¶ 9} 2. Claimant returned to work at Marion County North Central Ohio Rehab Center, but on November 23, 1999, resigned her position.
 {¶ 10} 3. Thereafter, pursuant to a C-84 filed July 10, 2000, claimant requested TTD compensation beginning January 1, 2000.
 {¶ 11} 4. Claimant's request for TTD compensation was apparently heard on September 26, 2000, by a district hearing officer ("DHO") who thereafter issued an order. The DHO's order was administratively appealed.
 {¶ 12} 5. Following an October 31, 2000 hearing, a staff hearing officer ("SHO") issued an order stating:
The order of the District Hearing Officer, from the hearing dated 09/26/2000, is vacated. The C-84 filed 7/10/00, is denied, but for reasons other than those cited by the District Hearing Officer.
The claimant's request for temporary total compensation from 1/1/00 through the present, 10/31/00, is denied. Following the injury, the claimant returned to unrestricted duty with the named employer until 11/23/99. On 11/23/99, the claimant resigned her position with the named employer and it is undisputed by either party that the resignation was for reasons unrelated to her 1/4/99 injury. (See claimant's resignation letter on file.) The claimant then testified to looking for jobs on the Internet but was going to wait until after the Christmas holidays to mail out any resumes. On 1/1/00, the claimant testified she was merely standing in her room at home when her legs gave out on her and she had severe back pain and fell to the floor. Claimant sought treatment at the emergency room on 1/3/00 and is currently receiving treatment. The claimant's representative argues that this is a "Baker II" case. The Staff Hearing Officer disagrees and finds that Baker II does not apply and is distinguishable on its facts. In Baker II, the claimant left the former position of employment to accept another position and while working at the new job, aggravated the original injury. In the instant claim, the claimant did not resign because of accepting another position of employment. Her resignation indicates she is leaving due to "incapability to continue working in a disorganized environment and differences of opinion with administration." The claimant did not suffer an aggravation while working for a new employer. The claimant was at home and not at work when she alleges the aggravation occurred. Therefore, the Staff Hearing Officer finds Baker II is not applicable.
 {¶ 13} 6. The SHO's order of October 31, 2000 was not administratively appealed. Consequently, the SHO's order of October 31, 2000 became a final order of the commission.
 {¶ 14} 7. Thereafter, claimant moved for the recognition of an additional claim allowance, and the claim was additionally allowed for: "anxiety disorder."
 {¶ 15} 8. On May 13, 2002, claimant's treating psychiatrist, J.T. Spare, M.D., certified that claimant became temporarily totally disabled beginning May 2, 2002.
 {¶ 16} 9. On May 31, 2002, claimant moved for the payment of TTD compensation based upon Dr. Spare's certification.
 {¶ 17} 10. Following a July 11, 2002 hearing, a DHO issued an order denying TTD compensation on grounds that the SHO's order of October 31, 2000 barred further TTD compensation under the doctrine of res judicata.
 {¶ 18} 11. Claimant administratively appealed the DHO's order of July 11, 2002. Following an August 28, 2002 hearing, an SHO issued an order that vacated the DHO's order and awarded TTD compensation beginning May 2, 2002, based upon Dr. Spare's certification. The SHO's order of August 28, 2002 addresses the res judicata issue as follows:
The order of 10/31/2000 did not find an abandonment of the former position of employment or the labor force but is entirely consistent with an injured worker who is psychologically unbalanced, as now recognized by the ANXIETY DISORDER condition newly allowed.
Emphasis sic.)
 {¶ 19} 12. Relator filed a notice of appeal from the SHO's order of August 28, 2002. On September 24, 2002, an SHO mailed an order refusing relator's appeal.
 {¶ 20} 13. Apparently, claimant began receiving TTD compensation pursuant to the SHO's order of August 28, 2002.
 {¶ 21} 14. On October 3, 2002, at the request of the Ohio Bureau of Workers' Compensation ("bureau") claimant was examined by psychiatrist Allen B. Levy, M.D. Dr. Levy found that claimant's anxiety disorder was at maximum medical improvement ("MMI").
 {¶ 22} 15. On October 29, 2002, the bureau referred the claim to the commission for a determination on the issue of MMI.
 {¶ 23} 16. Following a November 26, 2002 hearing, a DHO issued an order terminating TTD compensation as of the hearing date based upon Dr. Levy's MMI opinion.
 {¶ 24} 17. Claimant administratively appealed the November 26, 2002 DHO's order. Following a January 8, 2003 hearing, an SHO issued an order that vacated the DHO's order of November 26, 2002. The SHO found that the anxiety disorder was not at MMI and reinstated the TTD compensation award.
 {¶ 25} 18. Relator filed a notice of appeal from the SHO's order of January 8, 2003. On January 31, 2003, an SHO mailed an order refusing relator's administrative appeal.
 {¶ 26} 19. On April 3, 2003, relator, Marion County North Central Ohio Rehab Center, filed this mandamus action.
 Conclusions of Law {¶ 27} The issue is whether the commission's award of TTD compensation beginning May 2, 2002 is barred under the doctrine of res judicata by the SHO's order of October 31, 2000 which is a final commission order.
 {¶ 28} Finding that the commission's award of TTD compensation beginning May 2, 2002 is barred by the doctrine of res judicata, it is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.
 {¶ 29} The doctrine of res judicata applies to administrative proceedings including proceedings before the commission. Jacobsv. Teledyne, Inc. (1988), 39 Ohio St.3d 168. However, because of the commission's continuing jurisdiction under R.C. 4123.52, the defense of res judicata has only limited application to compensation cases. State ex rel. B.O.C. Group, Gen. MotorsCorp. v. Indus. Comm. (1991), 58 Ohio St.3d 199, 200. TheB.O.C. Group court further noted:
Res judicata operates "to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." Consumers' Counsel v. Pub. Util. Comm. (1985),16 Ohio St.3d 9, 10 * * *. It applies "not only to defenses which were considered and determined but also to those defenses which could properly have been considered and determined." State, exrel. Moore, v. Indus. Comm. (1943), 141 Ohio St. 241, * * * paragraph two of the syllabus; Rogers v. Whitehall (1986),25 Ohio St.3d 67, * * *.
 {¶ 30} In State ex rel. Kroger Co. v. Indus. Comm. (1998),80 Ohio St.3d 649, 651, the court, citing Consumers' Counsel v.Pub. Util. Comm. (1985), 16 Ohio St.3d 9, 10, emphasized that in order for res judicata to apply, the issue under consideration must have been "passed upon" or "conclusively decided" in an earlier proceeding. Res judicata does not apply if the issue at stake was not specifically decided in the prior proceeding.
 {¶ 31} The syllabus of State ex rel. McCoy v. DedicatedTransport, Inc., 97 Ohio St.3d 25, 2002-Ohio-5305, states:
A claimant who voluntarily abandoned his or her former position of employment or who was fired under circumstances that amount to a voluntary abandonment of the former position will be eligible to receive temporary total disability compensation pursuant to R.C. 4123.56 if he or she reenters the work force and, due to the original industrial injury, becomes temporarily and totally disabled while working at his or her new job.
 {¶ 32} The magistrate notes that the SHO's order of October 31, 2000 refers to the "Baker II" case without citation. The "Baker II" case is State ex rel. Baker v. Indus. Comm.
(2000), 89 Ohio St.3d 376. The magistrate notes that McCoy was decided on October 16, 2002, almost two years after the October 31, 2000 hearing. McCoy did not overrule Baker II, but did clarify it.
 {¶ 33} For the sake of understanding the SHO's order of October 31, 2000, the syllabus of Baker II states:
When a claimant who is medically released to return to work following an industrial injury leaves his or her former position of employment to accept another position of employment, the claimant is eligible to receive temporary total disability compensation pursuant to R.C. 4123.56(A) should the claimant reaggravate the original industrial injury while working at his or her new job.
 {¶ 34} It is important to note here that the SHO's order of October 31, 2000 is a final commission order and that claimant has never moved the commission to exercise its continuing jurisdiction over the order. That is to say, claimant has never claimed to the commission that the SHO's order of October 31, 2000 contains a clear mistake of fact or a clear mistake of law, nor has she ever asserted some basis for the commission's exercise of continuing jurisdiction. See State ex rel. B CMachine Co. v. Indus. Comm. (1992), 65 Ohio St.3d 538.
 {¶ 35} Given that the SHO's order of October 31, 2000 is a final commission order entitled to preclusive effect under the doctrine of res judicata, the question arises as to the nature or extent of the preclusive effect. The answer is found in McCoy
which indicates that a claimant who voluntarily abandons her former position of employment will be ineligible for TTD compensation until such time as she reenters the workforce and, due to the original industrial injury, becomes temporarily and totally disabled while working at her new job. Thus, the finding of the SHO's order of October 31, 2000 that claimant resigned her position with her employer for reasons unrelated to her industrial injury bars TTD compensation until such time as claimant can demonstrate that she has reentered the workforce and that, due to the industrial injury, she has become temporarily and totally disabled.
 {¶ 36} On May 31, 2002, relator moved for TTD compensation on grounds that her newly allowed psychiatric condition prevents her return to her former position of employment. The commission orders of record, as well as claimant's brief filed in this action, indicate that claimant asserted that the commission's recognition of the psychiatric condition subsequent to its finding that she had resigned from her employment for reasons unrelated to her industrial injury somehow eliminated the preclusive effect of the finding. Clearly, claimant's assertion is incorrect. The commission's recognition of the psychiatric condition, by itself, has no impact on the preclusive effect of the commission's final order of October 31, 2000 finding that claimant resigned her employment for reasons unrelated to her industrial injury.
 {¶ 37} The SHO's order of August 28, 2002, awarding TTD compensation beginning May 2, 2002, attempts to eliminate the preclusive effect of the SHO's order of October 31, 2000, by entering the following finding:
The order of 10/31/2000 did not find an abandonment of the former position of employment or the labor force but is entirely consistent with an injured worker who is psychologically unbalanced, as now recognized by the ANXIETY DISORDER condition newly allowed. (Emphasis sic.)
 {¶ 38} The above-quoted finding was entered by the SHO without authority to do so.
 {¶ 39} To begin, the finding itself contains an incorrect reading of the SHO's order of October 31, 2000. The SHO's order of October 31, 2000 did in fact find an abandonment of the former position of employment when it found that claimant had resigned her position for reasons unrelated to her industrial injury. That the SHO's order of October 31, 2000 fails to employ the words "abandonment of the former position of employment" does not detract from the preclusive effect of the finding that claimant resigned her position for reasons unrelated to her industrial injury. The SHO's order of August 28, 2002 stating that "[t]he order of 10/31/2000 did not find an abandonment of the former position of employment" is a misreading of the plain meaning of the order.
 {¶ 40} Moreover, the SHO's order of August 28, 2002 erroneously suggests that the critical finding of the SHO's order of October 31, 2000 is being readjudicated in light of the "anxiety disorder." The SHO did not have continuing jurisdiction at the August 28, 2002 hearing to alter the finding that claimant had resigned her position for reasons unrelated to her industrial injury. Moreover, there is no evidence in the record, and none cited by the SHO, to support a finding that claimant's resignation was induced by her anxiety disorder.
 {¶ 41} Accordingly, for all the above reasons, it is the magistrate's decision that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate the August 28, 2002 and January 8, 2003 orders of its staff hearing officers to the extent they are inconsistent with this magistrate's decision, and to enter new orders denying TTD compensation for the period beginning May 2, 2002 based upon the preclusive effect of the staff hearing officer's order of October 31, 2000.