OPINION
{¶ 1} Appellant, Richard Conner, appeals the determination by the Butler County Court of Common Pleas that he could not participate in the workers' compensation fund for his injury because his claim was barred by res judicata. We reverse and remand the decision of the common pleas court.
 {¶ 2} On May 9, 2000, Conner injured his left shoulder while performing duties for his employer. Conner was permitted to participate in the workers' compensation fund for a strain of the left shoulder. Shortly thereafter on October 6, 2000, appellant, through his employer, filed a motion with the Bureau of Worker's Compensation ("BWC") to permit the "ADDITIONAL CONDITION OF OSTEOARTHROSIS TO THE LEFT SHOULDER (ICD-9 CODE 715.11) BE ADDED TO THE CLAIM." The claim was denied administratively and no further appeal was taken by appellant.
 {¶ 3} On January 15, 2001, appellant, through his counsel, filed a motion with the BWC that "his aforesaid workers' compensation claim be amended to include as a condition arising as a result of the injuries under said claim, the aggravation of the pre-existing osteoarthritis of the AC joint of the left shoulder * * *."
 {¶ 4} That claim was also denied administratively, and appellant appealed the decision to the Butler County Court of Common Pleas. The common pleas court held a hearing and a magistrate found that the claim was barred by res judicata. Upon appellant's objections, the common pleas court set aside the magistrate's decision, but then also found that the claim was barred by res judicata.
 {¶ 5} Appellant sets forth one assignment of error on appeal to this court.
 {¶ 6} "The trial court erred as matter of law finding that conner's claim was barred by the doctrine of res judicata."
 {¶ 7} Res judicata operates "to preclude the re-litigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." Consumers' Counsel v. Pub. Util. Comm.
(1985), 16 Ohio St.3d 9, 10.
 {¶ 8} The doctrine of res judicata applies to administrative proceedings that are judicial in nature, including workers' compensation proceedings before the Industrial Commission, where the parties have had ample opportunity to litigate the issues involved in the case. State ex rel. Kroger Co. v. Indus. Comm.
(1988), 80 Ohio St.3d 649, 651.
 {¶ 9} Workers' compensation laws shall be liberally construed in favor of employees and the dependents of deceased employees. R.C. 4123.95; State ex rel. Supreme Bumpers, Inc. v. Indus. Comm., 98 Ohio St.3d 134, 2002-Ohio-7089, at ¶ 47.
 {¶ 10} It now appears undisputed that osteoarthrosis and osteoarthritis deal with the condition of arthritis. However, after reviewing appellant's two motions with the BWC, and keeping in mind the liberal construction in favor of employees, this court is not convinced that the parties had ample opportunity to litigate the issues involved in the case under the first motion filed by appellant. Therefore, precluding appellant's current claim under the doctrine of res judicata is not appropriate.
 {¶ 11} Accordingly, appellant's assignment of error is sustained and the common pleas court's judgment finding of res judicata is reversed. This matter is remanded to the common pleas court for further proceedings on appellant's right to participate in the fund for aggravation of pre-existing arthritis of the AC joint of the left shoulder.
 {¶ 12} Judgment reversed and remanded for further proceedings consistent with this opinion.
Walsh, J., concurs.
Powell, P.J., dissents without written opinion.