[Cite as *Crenshaw v. Integrity Realty, L.L.C.*, 2012-Ohio-4166.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98051

---

# MARIAH CRENSHAW

### PLAINTIFF-APPELLANT

vs.

# INTEGRITY REALTY, LLC,
# D.B.A., SHAKER NORTH, LTD.

### DEFENDANT-APPELLEE

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-749067

**BEFORE:** Cooney, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 13, 2012

**FOR APPELLANT**

Mariah Crenshaw, pro se
3472 E. 114th Street
Cleveland, Ohio 44104


**ATTORNEYS FOR APPELLEE**

David M. Gareau
Michael R. Gareau
Michael R. Gareau, Jr.
Michael R. Gareau & Associates, Co., L.P.A.
23823 Lorain Road, Suite 200
North Olmsted, Ohio 44070

COLLEEN CONWAY COONEY, J.:

**{¶1}** Plaintiff-appellant, Mariah S. Crenshaw ("Crenshaw"), appeals the trial court's grant of summary judgment in favor of defendant-appellee, Integrity Realty, LLC, d.b.a. Shaker North, Ltd. ("Integrity"). We find no merit to the appeal and affirm.

**{¶2}** Crenshaw is a former tenant of an apartment complex managed by Integrity. The parties entered into a lease agreement for a twelve-month term beginning on April 1, 2009. On March 18, 2010, Integrity, through its business name Shaker North, filed a forcible entry and detainer action against Crenshaw in the Cleveland Municipal Court seeking possession of the premises, back rent, and late charges. Crenshaw filed an answer and counterclaim, alleging religious discrimination, retaliation, breach of the lease agreement, and breach of an implied covenant of quiet enjoyment.

**{¶3}** The Cleveland Municipal Court dismissed Integrity's claim for possession when Crenshaw moved out of the apartment. It later dismissed Integrity's remaining claims for back rent and late fees and granted Crenshaw's motion for summary judgment on her counterclaims. Integrity filed a motion for reconsideration and for relief from judgment. In January 2011, both parties agreed to voluntarily dismiss their claims before the Cleveland Municipal Court. The parties signed an agreed judgment entry, which stated in part:

By agreement of the parties and approval of the Court:

1. [Shaker North, Ltd.]'s motion for reconsideration is granted, the case restored to original status quo at the time of completion of filing of pleadings, the entry dismissing [Shaker North, Ltd.]'s second cause of action and granting [Crenshaw]'s judgment on her counterclaim, being, accordingly, vacated. Plaintiff's first cause was already dismissed.

2. [Shaker North, Ltd.] dismisses its second cause of action with prejudice.

3. [Crenshaw] dismisses her counterclaim with prejudice.

4. [Shaker North, Ltd.] shall bear costs.

5. Nothing herein shall be taken as an admission of liability by either party.

{¶4} Thereafter, Crenshaw filed this action in the Cuyahoga County Common Pleas Court based on the same lease, alleging fraud, breach of contract, and a frivolous lawsuit. Integrity promptly filed a motion for summary judgment. The trial court granted the motion on grounds that Crenshaw's claims were barred by res judicata and by Crenshaw's settlement of a separate common pleas action. Crenshaw now appeals, raising two assignments of error.

## Standard of Review

{¶5} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the

nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus.

<u>Res Judicata</u>

{¶6} In her first assignment of error, Crenshaw argues the trial court erred in finding that her claims were barred by res judicata. Crenshaw contends Integrity and Shaker North are not the same entity and that, because Integrity was not a party to the prior litigation, res judicata is inapplicable. We find this issue dispositive.

{¶7} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. To be barred by res judicata, "the parties to the subsequent suit must either be the same or in privity with the parties to the original suit." *Onesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 9.

{¶8} "Privity is defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Buchanan v. Palcra, Inc.*, 6th Dist. No. E-87-22, 1987 Ohio App. LEXIS 10285 (Dec. 31, 1987), quoting *Peterson v. Fee Internatl. Ltd.*, 435 F. Supp. 938 (D.C. Okl. 1975). A determination of whether the doctrine of res judicata bars an action

is a question of law that an appellate court reviews de novo. *Payne v. Cartee*, 111 Ohio App.3d 580, 586-587, 676 N.E.2d 946 (4th Dist.1996).

{¶9} Crenshaw's claims in this case arise from the same transaction or occurrence that was the subject of the Cleveland Municipal Court case. Her counterclaim in the eviction action alleged breach of the lease agreement between herself, as tenant, and Shaker North, as landlord. Integrity is the property manager of the Shaker North Apartments As an agent of Shaker North, Integrity shared the same interest in Crenshaw's lease agreement. They shared a mutual relationship to the same property interest and were in privity with each other. Res judicata bars this subsequent action against Integrity because Crenshaw's claims for breach of contract were previously litigated in the Cleveland Municipal Court. Crenshaw's frivolous lawsuit claim is similarly barred because it could have been litigated in the prior action. Therefore, Crenshaw's breach of contract and fraud claims are barred by res judicata by virtue of the prior eviction action against her.

### Fraud

{¶10} Crenshaw's fraud claim relates to events that allegedly occurred during a pretrial conference in the Cleveland Municipal Court. She claims that Shaker North presented the court with a false ledger in its effort to prove she had not paid rent.

{¶11} Collateral estoppel, which is a derivative of res judicata, bars the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed on by a court of competent jurisdiction. *State ex rel. Kincaid v. Allen*

*Refractories Co.*, 114 Ohio St.3d 129, 2007-Ohio-3758, 870 N.E.2d 701, ¶ 18, quoting *Office of Consumers' Counsel v. Pub. Util. Comm.*, 16 Ohio St.3d 9, 10, 475 N.E.2d 782 (1985). Like res judicata, for collateral estoppel to apply, the parties to the subsequent suit must either be the same or in privity with the parties to the original suit. *Id.*

{¶12} The ledger Shaker North presented as evidence that Crenshaw failed to pay rent relates to a material fact at issue in the prior action. The eviction case was based on the allegation that Crenshaw failed to pay rent as required by the lease agreement. To prevail in that action, Shaker North had the burden of proving that Crenshaw breached the lease agreement by failing to pay rent. Having been previously litigated in the prior action, the veracity of the ledger is barred by collateral estoppel. Crenshaw's fraud claim constitutes a collateral attack on the municipal court's final judgment related to that issue and is not permitted.

{¶13} The trial court properly dismissed Crenshaw's claims as barred by res judicata. Therefore, we overrule the first assignment of error.

Settlement Agreement

{¶14} In her second assignment of error, Crenshaw argues the trial court erred in relying on an unsigned settlement agreement in another case at common pleas court to reach its conclusion that her claims were barred. First, we need not reach this issue because our disposition of the first assignment of error is dispositive. But even if we do reach it, we affirm the trial court.

{¶15} In support of its motion for summary judgment, Integrity submitted a certified copy of the settlement agreement and properly authenticated it with an affidavit as required by Civ.R. 56(E).  The certified copy was signed by all the parties. Therefore, the trial court was authorized to consider the settlement agreement, although it was only a second reason the court gave in granting summary judgment.

{¶16} The second assignment of error is overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR