OPINION
{¶ 1} Plaintiff-appellant, Dr. Leonard Barrish ("Barrish"), appeals the January 6, 2003 judgment entry of the Painesville Municipal Court ordering him to pay $2,297.50 for attorney fees incurred by defendants-appellees, Thomas Coyne, John Brunetz, Clara Iapalo, and Cambridge Village Condominium Owners Association ("Cambridge Village"). For the reasons that follow, we reverse the decision imposing sanctions.
 {¶ 2} Barrish is a tenant in Cambridge Village and a former member of its Board of Managers. On April 15, 2002, Barrish filed a complaint pro se in Painesville Municipal Court against individual members of Cambridge Village's Board of Managers. Barrish sought to recover $75 in late fees assessed against him by Cambridge Village. The bylaws governing Cambridge Village provide for the Board of Managers to fix an annual assessment against each lot in the condominium association. Although the amount of the assessment is determined on an annual basis, tenants are allowed to pay the assessment on a monthly basis. The failure to pay the monthly installment within ten days of the date it becomes due results in the entire unpaid balance of the annual assessment becoming due immediately. Rather than accelerate payment of the annual assessment, the Board of Managers allows the payment of a late charge. Since 1991, the late charge for failing to pay the monthly installment was $10. In 2000, the Board of Managers increased the amount of the late charge to twenty-five dollars. Barrish believed that the Board of Managers was without authority under the bylaws to impose late charges.[1] Therefore, Barrish allowed himself to be assessed the late charge three times in order to challenge the Board of Managers' authority to impose the late charge in court.
 {¶ 3} The individual members of the board moved to dismiss the complaint for being brought against individual board members rather than the unit owners association, as required by R.C.5311.20, and moved for sanctions under Civ.R. 11. Barrish amended his complaint to include Cambridge Village, but retained the individual members of the Board of Managers as defendants. The matter came on for hearing before a magistrate who ruled in favor of Cambridge Village and dismissed the other defendants. Thereafter, a hearing was held on the Civ.R. 11 motion for sanctions. Again, the magistrate found in favor of Cambridge Village and granted its request for attorney fees in the amount of $2,297.50. Thereafter, Barrish raised objections to these findings. On January 6, 2003, the municipal court overruled Barrish's objections and adopted the decision of the magistrate. This appeal timely follows.
 {¶ 4} Barrish raises six assignments of error, the first two of which are identical.
 {¶ 5} "[1.] The trial court abused its discretion and erred as a matter of law when it sanctioned appellant pursuant to Rule 11 without finding that appellant, a pro se party, violated one of the clear tenets of Civil Rule 11; thereafter the court erroneously considered (and misconstrued) the outcome of a prior suit as evidence that appellant brought the instant action with `no lawful basis'.
 {¶ 6} "[2.] The trial court abused its discretion and erred as a matter of law when it sanctioned appellant pursuant to Rule 11 without finding that appellant, a pro se party, violated one of the clear tenets of Civil Rule 11; thereafter the court erroneously considered (and misconstrued) the outcome of a prior suit as evidence that appellant brought the instant action with `no lawful basis'.
 {¶ 7} "[3.] The trial court abused its discretion and erred as a matter of law by concluding that plaintiff-appellant, a pro se party, had `a duty to verify his position before taking the action that he did' and thus, the court erred as a matter of law when it failed to apply the correct `subjective' standard of review applicable to determinations of Rule 11 sanctions.
 {¶ 8} "[4.] The court abused its discretion and erred as a matter of law by ordering appellant to pay appellees' attorney's fees ($2,297.50), as absolutely no evidence or testimony was offered by appellee to establish the reasonableness of those fees.
 {¶ 9} "[5.] The trial court abused its discretion and violated appellant's constitutional right to due process, i.e., a fair hearing with notice and an opportunity to be heard, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, § 16 of the Ohio Constitution, when it apparently sanctioned appellant on the basis of language found in § 2323.51 of the Ohio Revised Code which is law that was never argued by the appellee nor presented to the trial court as a basis or grounds for sanctions.
 {¶ 10} "[6.] The trial court abused its discretion and erred as a matter of law when it imposed sanctions upon appellant because appellant chose to save himself the expense of counsel while forcing appellees to spend money in their defense."
 {¶ 11} Barrish's first, second, third, and sixth assignments of error challenge the magistrate's decision granting Cambridge Village's motion for sanctions, and will be treated together.
 {¶ 12} Civil Rule 11 provides in pertinent part: "Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record * * *. A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees."
 {¶ 13} "The decision to impose sanctions pursuant to Civ.R. 11 lies within the discretion of the trial court." State ex rel.Fant v. Sykes (1987), 29 Ohio St.3d 65. Whether there are good legal grounds to support a complaint, however, is a question of law that is reviewed under a de novo standard. Passmore v.Greene Cty. Bd. of Elections (1991), 74 Ohio App.3d 707, 712. When reviewing a trial court's decision to impose sanctions pursuant to Civ.R. 11, an appellate court must determine: "(1) whether any legal grounds for the pleading exist as a matter of law; and if so, (2) whether the trial court abused its discretion in its determination of whether there was a willful violation of the Rule." Lorain v. Elbert (Apr. 22, 1998), 9th Dist. No. 97CA006747, 1998 Ohio App. LEXIS 1739, at *8 (citations omitted). In order to justify sanctions, the violation of Rule 11 must be willful, not merely negligent. Haubeil Sons Asphalt Materials, Inc. v. Brewer Brewer Sons, Inc. (1989),57 Ohio App.3d 22, 23. Finally, Civ.R. 11 employs a subjective bad faith standard. Stone v. House of Day Funeral Serv., Inc. (2000),140 Ohio App.3d 713, 721; Kester v. Rodgers (May 6, 1994), 11th Dist. Nos. 93-L-056 and 93-L-072, 1994 Ohio App. LEXIS 1949, at *10.
 {¶ 14} In the present case, the magistrate concluded that there were no legal grounds for Barrish's complaint and that Barrish had acted willfully and in bad faith by pursuing the action, knowing that it lacked legal grounds. Under the law stated above, it is Barrish's actual intent or belief as to the good grounds of his complaint that are relevant to the determination of willfulness. After a de novo review of the question of law presented, we find that the magistrate's conclusion as to Barrish's willfulness is unsupported by the evidence in record. Therefore, the magistrate's decision constitutes an abuse of discretion.
 {¶ 15} The magistrate's first reason for finding that Barrish acted in bad faith was the fact that Barrish had challenged Cambridge Village's authority to impose late charges in a previously filed action. The magistrate remarked that Barrish "had already had a dry-run with this issue and the viability of his position was put into question." We agree that refilling an action after an unfavorable adjudication could be grounds for Civ.R. 11 sanctions. The outcome of Barrish's earlier lawsuit, however, was not unfavorable. Barrish's earlier suit against Cambridge Village was dismissed and Barrish received some money in compensation. Far from demonstrating the legal inadequacy of Barrish's position, the previous lawsuit served to confirm, at least in Barrish's mind, the validity of his position. Therefore, this prior lawsuit does not support the magistrate's conclusion that Barrish acted in bad faith.
 {¶ 16} The magistrate also relied on the fact that Barrish did not consult with an attorney prior to filing the complaint in "order to save himself the expense" of legal fees. By itself, the failure to consult an attorney prior to filing suit does not support a finding of Civ.R. 11 sanctions. Open access to the courts of Ohio is guaranteed to "every person" by the Ohio Constitution, Article I, Section 16. Particularly in cases such as these, involving small claims, it would indeed be burdensome and counterproductive to require litigants to seek professional legal advice prior to bringing their claims. We also point out that Barrish's position was not based on codified law, but rather his interpretation of the Cambridge Village bylaws. Condominium bylaws are not so inherently complex that we must presume that only an attorney is competent to interpret them. Admittedly, by consulting with an attorney prior to filing suit, the weakness of Barrish's position would have been made known to him. Mere negligence, however, in bringing suit does not justify Civ.R. 11 sanctions. Haubeil Sons, 57 Ohio App.3d at 23. Nor does Barrish's failure to consult with an attorney, alone, support the conclusion that he acted in bad faith.
 {¶ 17} Finally, the magistrate relied on the fact that Barrish intentionally incurred the late charges to have a basis for litigating their validity. Again, we find this fact to have no bearing on the issue of whether Barrish acted in good faith when bringing suit. In some cases, the only way to test the validity of a rule is to violate it. We fail to understand how Barrish's decision to test this rule supports the finding that he willfully pursued this action despite a lack of legal foundation. Thus, we find that the magistrate's decision to impose sanctions is unsupported by any of the stated reasons upon which that decision rests. AAAA Ent., Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161 ("A decision is unreasonable if there is no sound reasoning process that would support that decision.").
 {¶ 18} Cambridge Village argues in its brief that Barrish's bad faith is demonstrated by the fact that he was aware that a late charge had been imposed for many years and that he himself served on the Board of Managers for twenty-five years. Cambridge Village also cites to a memo to the Board of Managers from previously retained counsel expressing the opinion that the Board of Managers possessed authority under the bylaws to impose late charges. This memo would be probative of Barrish's knowledge regarding the validity of his position except, as Cambridge Village concedes, Barrish did not testify to having seen this document. Cambridge Village's argument then becomes nothing more than the claim that Barrish should have been aware that previously retained counsel believed the late charges to be valid. What Barrish should have known does not demonstrate that Barrish subjectively knew his claim was groundless.[2]
 {¶ 19} Barrish's first, second, third, and sixth assignments of error have merit.
 {¶ 20} In his fourth assignment of error, Barrish argues that the court failed to determine the reasonableness of the attorney fees claimed by Cambridge Village. At the Civ.R. 11 hearing Barrish stipulated to the amount of Cambridge Village's attorney fees. Therefore, we will not consider this issue. Diguilio v.Diguilio, 8th Dist. No. 81860, 2003-Ohio-2197, at ¶ 32, quotingIn re Annexation of Territory of Riveredge Twp. to City ofFairview Park (1988), 46 Ohio App.3d 29, 31 ("When the parties have agreed, without objection and with the judge's approval, to enter into stipulations for the record, the court will not consider objections to such stipulations on appeal."). The fourth assignment of error is overruled.
 {¶ 21} Barrish's fifth assignment of error asserts that the court violated his due process rights by sanctioning him based on language found in R.C. 2323.51 regarding frivolous conduct. Although the magistrate's decision employs certain language found in R.C. 2323.51, the substance of the decision treats Cambridge Village's motion as one for sanctions under Civ.R. 11. The fifth assignment of error is without merit.
 {¶ 22} For the reasons state above, the decision of the Painesville Municipal Court ordering Barrish to pay Cambridge Village's attorney fees pursuant to Civ.R. 11 is reversed.
Judgment reversed.
O'Neill and Rice, JJ., concur.
[1] Barrish relied on a provision of the bylaws that provided that the Board of Managers has the power to "[a]dopt and publish rules and regulations governing the use of the Common Areas and Facilities and * * * to establish penalties for the infraction thereof." Based on this provision, Barrish maintained that the Board of Managers could only impose penalties in regard to the use of common areas and facilities. Barrish also argued that the $25 late charge exceeded the 8 percent interest that the bylaws expressly allow to be assessed per annum when a tenant is delinquent in paying the annual assessment.
[2] Cambridge Village also argues that Barrish's bad faith is demonstrated by the fact that he sued individual members of the Board of Managers. This fact, however, was neither cited nor relied upon by the magistrate. Moreover, the legal fees at issue herein are those of the Board of Managers and not its individual members.