OPINION
{¶ 1} This appeal comes to this court from a judgment issued by the Lake County Court of Common Pleas. We affirm.
 {¶ 2} On October 13, 2000, plaintiff-appellee, State Farm Insurance Companies, ("State Farm") filed a complaint, as subrogee against defendant-appellant, Stewart Title Guaranty Co. ("Stewart Title"). Stewart Title filed a counterclaim against State Farm, alleging that State Farm's complaint violated Civ.R. 11 and R.C. 2323.51, the frivolous conduct statute, and that, as a result, Stewart Title was entitled to costs, expenses, and attorney fees.
 {¶ 3} The facts underlying the complaint are as follows:
 {¶ 4} In 1991, Paul and Barbara Dolan ("the Dolans") purchased a residence from Steven and Denise Peda ("the Pedas"). Prior to consummating the purchase with the Pedas, the Dolans purchased a title insurance policy from Stewart Title and a homeowner's policy from State Farm. Prior to the purchase, a mortgage location survey was performed by Crabb's Surveying Service. The survey did not disclose any apparent encroachments or boundary line issues.
 {¶ 5} In 1996, the Dolans sold the residence to David Fischer ("Fischer"). Subsequent to this sale, Fischer discovered that the garage, which was a separate structure from the home, encroached upon the boundary of a neighboring property and needed to be removed.
 {¶ 6} In 1998, Fischer filed suit against the Dolans for a failure to convey marketable title on the residence, and eventually obtained a judgment in the amount of $19,899. The Dolans initially sought coverage from Stewart Title under the title insurance policy, but were denied, based upon an exclusionary clause contained within the policy.
 {¶ 7} Subsequently, State Farm paid the judgment in full on behalf of the Dolans, and brought action against the Pedas, Stewart Title, Crabb's Surveying Service, and Campbell Associates, Inc. During the pendency of this trial, all of the defendants, except for Stewart Title, were dismissed from the suit.
 {¶ 8} The sole issue of State Farm's case against Stewart Title was the meaning of the term "survey" as it applied to the exclusionary clause of the title insurance contract. The title insurance policy contained the following relevant language:
 {¶ 9} "This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees, or expenses) which arise by reason of:
 {¶ 10} "* * *
 {¶ 11} "3. Encroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey or inspection of the premises." (Emphasis added).
 {¶ 12} On summary judgment, the trial court ruled that the term "survey" was ambiguous, since it could mean either a mortgage location survey or a boundary line survey. The trial court then construed the clause against Stewart Title, as drafter of the contract, and found Stewart Title wrongfully denied coverage to the Dolans. Following a hearing on damages, the trial court awarded State Farm judgment in the amount of $25,551.41.
 {¶ 13} The trial court's award of summary judgment in favor of State Farm came before this court on appeal. On March 7, 2003, this court held that the trial court erred in finding that the term "survey" was ambiguous and reversed the trial court's award of summary judgment, and entered judgment in favor of Stewart Title on its summary judgment motion. See State Farm Insurance Cos. v. Peda, 11th Dist. No. 2001-L-161, 2003-Ohio-1092.
 {¶ 14} Following this court's ruling, Stewart Title filed a "Motion of Stewart Title for Costs, Fee and Expenses to Return to the Active Docket for Adjudication of the Counterclaim."
 {¶ 15} On April 19, 2004, the court, without a hearing, denied both of Stewart Title's motions, holding that since the court had found in favor of State Farm on Stewart Title's counterclaim on summary judgment, and Stewart Title did not argue this issue at the time of the first appeal, the claim was now barred by res judicata. The court further ruled that even if the counterclaim was not barred, Stewart Title failed to describe any conduct which could be considered "frivolous conduct" under R.C.2323.51 and Civ.R. 11.
 {¶ 16} Stewart Title timely appealed, raising the following assignment of error:
 {¶ 17} "The trial court erred to the prejudice of defendant-appellant Stewart Title in overruling its `Motion for Costs, Fees and Motion to Return the Counterclaim to the Active Docket.'"
 {¶ 18} As a threshold matter, this court must address whether the trial court properly denied Stewart Title's post-judgment motion on the basis of res judicata.
 {¶ 19} "The doctrine of res judicata involves both claim preclusion * * * and issue preclusion (traditionally known as collateral estoppel)."Grava v. Parkman Twp., 73 Ohio St.3d 379, 381, 1995-Ohio-331. This case involves the claim preclusion component of res judicata. Claim preclusion prevents a "plaintiff from relitigating the same cause of action against the same defendant." D'Amico v. Stow (May 16, 1990), 9th Dist. No. 14131, 1990 Ohio App. LEXIS 1900, at *14, citing Trautwein v. Sorgenfrei
(1979), 58 Ohio St.2d 493. However, claims are only precluded in circumstances where "a valid final judgment" is rendered upon the merits, in which case "all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action" are barred. Grava, 73 Ohio St.3d at 382.
 {¶ 20} In this case, this court's reversal of the trial court's judgment in favor of State Farm and entry of judgment in favor of Stewart Title meant that the prior judgment of the trial court was void. Hintonv. McNeil (1832), 5 Ohio 509, 510; Loewenstine v. Delta Air Lines, Inc.
(1982), 7 Ohio App.3d 185, 186. Since there was no "valid final judgment rendered on the merits" in the trial court, and "a trial court * * * retains jurisdiction for the limited purpose of applying Civ.R. 11 and R.C. 2323.51," Burrell v. Kassicieh (1998), 128 Ohio App.3d 226,229; Schwartz v. Gen. Acc. Ins. of Am. (1993), 91 Ohio App.3d 603,606, we find the trial court erred by ruling Stewart Title's counterclaim was barred by res judicata.
 {¶ 21} Had the trial court denied Stewart Title's counterclaim solely on the basis of res judicata, this court would be compelled to reverse the trial court's judgment on that basis. However, the trial court went on to address the merits of Stewart Title's motion and found that State Farm's claim was not frivolous. We agree with the trial court and, therefore, affirm the trial court's judgment.
 {¶ 22} Civ.R. 11 and R.C. 2323.51 both address the filing of frivolous claims. "`A frivolous claim is a claim that is not supported by facts in which the complainant has a good-faith belief, and which is not grounded in any legitimate theory of law or argument for future modification of the law.'" Burrell, 128 Ohio App.3d at 230, quoting Jones v.Billingham (1995), 105 Ohio App.3d 8, 12.
 {¶ 23} Civ.R. 11 allows the court to award attorney fees as sanctions against the attorney or pro se party, who signs a pleading or motion filed in contravention of the rule. See Civ.R. 11; Lable Co. v. Flowers (1995), 104 Ohio App.3d 227, 234-235.
 {¶ 24} The trial court's determination of whether or not sanctions are proper under Civ.R. 11 is reviewed under an abuse of discretion standard.Ceol v. Zion Industries, Inc. (1992), 81 Ohio App.3d 286, 290, citingStevens v. Kiraly (1985), 24 Ohio App.3d 211, 213-214; State ex rel.Fant v. Sykes (1987), 29 Ohio St.3d 54. In order to impose sanctions under Civ.R. 11, the party alleging a violation of the rule must demonstrate that the violation was willful, and not merely negligent.Barrish v. Coyle, 11th Dist. No. 2003-L-024, 2004-Ohio-1847, at ¶ 13;Riston v. Butler, 149 Ohio App.3d 390, 394, 2002-Ohio-2308; Haubeil Sons Asphalt and Materials, Inc. v. Brewer Brewer Sons, Inc.
(1989), 57 Ohio App.3d 22, at syllabus.
 {¶ 25} R.C. 2323.51 is broader in scope than Civ.R. 11, and provides a court with the discretion to levy sanctions against "a party, the party's counsel of record, or both." R.C. 2323.51(B)(4); Burrell,128 Ohio App.3d at 231-232. The statute prohibits frivolous conduct in "the filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing a pleading, motion, or other paper in connection with a civil action, * * * or the taking of any other action in connection with a civil action[.]" R.C.2323.51(A)(1)(a); Burrell, 128 Ohio App.3d at 231. Frivolous conduct is defined by R.C. 2323.51(A)(2), as conduct that:
 {¶ 26} "(i) * * * obviously serves merely to harass or maliciously injure another party * * * or is for another improper purpose, including * * * causing unnecessary delay or a needless increase in the cost of litigation.
 {¶ 27} `(ii) * * * is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law. * * *" Id. at 231; Pisanick-Miller v.Roulette Pontiac-Cadillac GMC, Inc. (1991), 62 Ohio App.3d 757, 7627-63; Edwards v. Livingstone, 11th Dist. Nos. 2001-A-0082 and 2002-A-0060, 2003-Ohio-4099, at ¶¶ 12-15. A finding of willfulness, however, is not a prerequisite for relief under R.C. 2323.51. Ceol,81 Ohio App.3d at 291.
 {¶ 28} With respect to the trial court's determinations of frivolous conduct under R.C. 2323.51, a trial court's findings of fact are to be accorded substantial deference, and are reviewed under an abuse of discretion standard. Ceol, 81 Ohio App.3d at 292 (citations omitted). However, the question of whether or not a pleading or argument is warranted under existing law or can be supported by a good faith argument for an extension, modification, or reversal, is a legal question subject to de novo review by an appellate court. Wiltberger v. Davis (1996),110 Ohio App.3d 46, 51; Passmore v. Greene Cty. Bd. of Elections
(1991), 74 Ohio App.3d 707, 712.
 {¶ 29} Stewart Title argues that State Farm's claim was frivolous and filed in bad faith, since it was not warranted under existing law, could not be supported by a good faith argument for an extension, modification, or reversal of existing law, and could not be supported by a good faith argument for the establishment of new law. Stewart Title further argues that the trial court abused its discretion by declining Stewart Title's motion for costs and fees without a hearing, pursuant to R.C. 2323.51. We disagree.
 {¶ 30} We have reviewed the record, including State Farm's complaint and brief in support of its motion for summary judgment, and find that the arguments proffered in support of State Farm's case were supported by legal authority. State Farm's theory of recovery was based upon interpretation of a term contained within an exclusionary clause of a contract of title insurance. Courts are routinely called upon to interpret contractual terms. See In re Estate of Murray, 11th Dist. No. 2000-T-0152, 2002-Ohio-1686; Cafaro Co. v. Laserline Corp., 7th Dist. No. 01-CA-68, 2002-Ohio-5190; Air Prods. Chems. v. Indiana Ins. Co.
(Dec. 23, 1999), 1st Dist. Nos. C-980947, C9-90009, 1999 Ohio App. LEXIS 6217, at *11 ("the interpretation of a contract term, such as an exclusion clause is * * * a question of law reserved for the court"). Here, the record shows the word "survey" was open to more than one interpretation. Although this fact did not render the term ambiguous, we nonetheless find there was a rational basis for State Farm's argument. "`A party is not frivolous merely because a claim is not well-grounded' (emphasis added). * * * The test * * * is whether no reasonable lawyer would have brought the action in light of existing law." Riston,149 Ohio App.3d 390, 399-400 (citation omitted). Applying this test, we hold that State Farm's cause of action was not frivolous.
 {¶ 31} We further hold that the trial court did not abuse its discretion by declining to hold a hearing on Stewart Title's R.C. 2323.51
claim. This court and others have held that under R.C. 2323.51, "[t]he trial court is not required to hold a hearing upon every application for attorney fees which is disallowed." Cregar v. Ohio Edison Co. (Jan. 11, 1991), 11th Dist. No. 89-T-4316, 1991 Ohio App. LEXIS 78, at *4, citingIn re Annexation of 18.23 Acres of Land in Bath Twp. (Jan. 11, 1989), 9th Dist. No. 13669, 1989 Ohio App. LEXIS 50, at *11-*12; Pisani v. Pisani
(1995), 101 Ohio App.3d 83, 88; Sheridan v. Harbison (1995),101 Ohio App.3d 206, 212; In re Removal of Osuna (1996),116 Ohio App.3d 339, 342. In the present case, the issue to be decided, whether State Farm's claim was frivolous, is a legal issue which could be determined solely by recourse to the pleadings, briefs, and applicable law.
 {¶ 32} For the foregoing reasons, we find that Stewart Title's assignment of error is without merit, and affirm the judgment of the Lake County Court of Common Pleas.
O'Neill, J., O'Toole, J., concur.