OPINION
{¶ 1} Appellant, Bryant Stratton College ("Bryant Stratton"), appeals the trial court's May 8, 2006 and May 9, 2006 judgment entries overruling their motions for sanctions filed against appellee, Philip Berardinelli, Inc. ("PBI"). *Page 2 
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} This appeal stems from a lawsuit brought by PBI against Bryant Stratton alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), Section 227, Title 47, U.S. Code.[1] Specifically, PBI claimed that it had received an unsolicited advertisement from Bryant Stratton via facsimile ("fax") in violation of the TCPA. A violation of the Ohio Consumer Sales Practice Act (CSPA) was also alleged, but later dismissed.
 {¶ 4} Prior to trial, PBI filed five motions in limine and a motion for "mandatory" attorney fees. In response, Bryant Stratton asked the court (1) to overrule the motions in limine; (2) to impose sanctions against PBI for filing one of its motions in limine (to prohibit Bryant Stratton from arguing that PBI had a duty to ask Bryant Stratton to have no further advertisements be faxed to them); and (3) to impose sanctions against PBI for filing its motion for attorney fees.[2]
 {¶ 5} The trial court granted three out of five of the motions of limine, including the motion in limine to prevent Bryant Stratton from inferring that plaintiffs had an obligation to contact defendant to stop sending faxes.[3] The trial court denied PBI's motion for attorney fees.
 {¶ 6} The case proceeded to trial. A jury was impaneled and testimony was heard regarding the issue of whether Bryant Stratton violated the TCPA by *Page 3 
transmitting an unsolicited advertisement to PBI via fax. Just prior to the close of the trial, the parties agreed to waive the jury and submit the case to the judge. The parties also agreed that they would not file any post-trial briefs. However, PBI's counsel submitted a pleading containing supplemental authorities. Bryant Stratton filed a motion to strike and moved the court for sanctions. The trial court granted the motion to strike the brief but did not impose sanctions.
 {¶ 7} Bryant Stratton filed the instant appeal, raising two assignments of error:
 {¶ 8} "[1.] The trial court erred in denying Appellant's request for sanctions contained in Defendant's Motion to Strike Plaintiff's Notice of Filing of Supplemental Authority and Request for Sanctions.
 {¶ 9} "[2.] The trial court erred in denying Appellant's request for sanctions contained in Defendant Bryant Stratton College, Inc.'s Response to Plaintiff's Five Motions in Limine and Plaintiff's Motion for Mandatory Attorney Fees."
 {¶ 10} Standard of Review: Abuse of Discretion
 {¶ 11} Bryant Stratton challenges the trial court's decision not to impose Civ.R. 11 sanctions against PBI.[4]
 {¶ 12} We review the trial court's determination of whether to impose sanctions under Civ.R. 11 under an abuse of discretion standard of review. State Farm Ins. Co. v. Peda, 11th Dist No. 2004-L-082,2005-Ohio-3405, at ¶ 24; Barish v. Coyle, 11th Dist. No. 2003-L-024,2004-Ohio-1847, at ¶ 13. Abuse of discretion connotes an attitude that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219; State v. Adams (1980),62 Ohio St.2d 151, 157. *Page 4 
 {¶ 13} Civil Rule 11
 {¶ 14} At the outset, we note that "Ohio law provides two separate mechanisms for an award of sanctions for frivolous litigation: R.C.2323.51 and Civ.R. 11." Sigmon v. Southwest Gen. Health Ctr., 8th Dist. No. 88276, 2007-Ohio-2117, at ¶ 14; Peda, at ¶ 22. The proof necessary to support an award of sanctions depends upon which mechanism the litigant is relying upon.
 {¶ 15} Civ.R. 11 requires a willful violation of the rule and "applies a subjective bad faith standard." Riston v. Butler, 149 Ohio App.3d 390,2002-Ohio-2308, at ¶ 12, citing Stone v. House of Day Funeral Service,Inc. (2000), 140 Ohio App.3d 713, 721. The attorney's actual intent or belief is consequently relevant to the determination of whether he or she acted willfully. Id. In contrast, "R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed for frivolous conduct." Stevenson v. Bernard, 11th Dist. No. 2006-L-096,2007-Ohio-3192, at ¶ 41. Therefore, a finding of frivolous conduct under 2323.51 is determined "without reference to what the individual knew or believed." City of Wauseon v. Plassman (Nov. 22, 1996), 6th Dist. No. F-96-003, 1996 Ohio App. LEXIS 5168, 8. Thus, "R.C. 2323.51 is broader in scope than Civ.R. 11 * * *." Peda at ¶ 25.
 {¶ 16} Despite the more onerous task of proving willfulness under Civ.R. 11, Bryant Stratton has nevertheless relied upon Civ.R. 11 to allege frivolous conduct rather than R.C. 2323.51. Therefore, we will analyze Bryant Stratton's claim under Rule 11.
 {¶ 17} Civ.R. 11 provides in pertinent part: "Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney *Page 5 
of record * * *. The signature of an attorney * * * constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule, an attorney * * * upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees * * *."
 {¶ 18} Thus, "[w]hen presented with a motion for sanctions pursuant to Civ.R. 11, a trial court `must consider whether the attorney signing the document (1) has read the pleading, (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief, and (3) did not file it for purposes of delay.'" In re: Estate of Call, 9th Dis. No. 04CA008560, 2005-Ohio-1466, at ¶ 25, citing Ceol v. Zion Indust.,Inc. (1992), 81 Ohio App.3d 286, 290. "If any of these requirements is not satisfied, the trial court must then determine whether `the violation was `willful' as opposed to merely negligent.' * * * If the trial court finds that the violation was willful, it may impose an appropriate sanction." Id. See, also, Kester v. Rodgers (May 6, 1994), 11th Dist. Nos. 93-L-056 and 93-L-072, 1994 Ohio App. LEXIS 1949, at 8-10.
 {¶ 19} The Alleged Frivolous Motions
 {¶ 20} In its brief, Bryant Stratton contends that sanctions should have been imposed for PBI's filing of a "post-trial" brief, for filing two motions in limine and a motion for attorney fees. However, upon our review of the record, we find that Bryant Stratton never asked for sanctions for one of the motions in limine it asks us to review but instead simply asked the court to overrule the motion (i.e. regarding the issue of *Page 6 
"prior express consent" to send the fax at issue.) Because Bryant 
Stratton never asked for sanctions relative to this motion in limine, we cannot consider whether the trial court's failure to impose sanctions for the filing of this motion was an abuse of discretion.
 {¶ 21} Furthermore, we also note that in its judgment entry, the court did not specifically state that it overruled the motions for sanctions stemming from the filing of the motions in limine. However, "[t]here is no rule of law requiring that a trial court expressly rule on every pretrial motion before it. `[W]hen a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it.'" State ex rel. The V Cos. v. Marshall (1988), 81 Ohio St.3d 467,469. Thus, we presume from the trial court's judgment entry that it denied the motions for sanctions relative to the motions in limine and for attorney fees. We now turn to the specific pleadings in which Bryant Stratton asked for sanctions.
 {¶ 22} Post-Trial Brief
 {¶ 23} Bryant Stratton contends that the trial court should have imposed sanctions against PBI for filing its brief containing supplemental authorities after the parties had agreed not to file any post-trial briefs. The parties had discussed this issue in chambers, and it was reiterated in open court:
 {¶ 24} "[Defense Counsel]: I'd like to make it clear, we discussed [post] trial briefs and agreed there would not be any.
 {¶ 25} "The Court: I have everything that I'm going to have to render a final decision in this case." *Page 7 
 {¶ 26} Despite this agreement, PBI's counsel subsequently filed its pleading entitled "Plaintiffs Notice of Filing of Supplemental Authority" the next day. Bryant Stratton filed a motion to strike PBI's brief and asked the court to impose sanctions against PBI for submitting a post-trial brief in the form of a "supplemental authority." The trial court granted Bryant Stratton's motion to strike but denied its motion for sanctions.
 {¶ 27} PBI contends that the court acted appropriately in denying Bryant Stratton's motion for sanctions because the document it filed was not a post-trial brief. Furthermore, because the trial court never entered an order prohibiting the filing of such briefs, if anything, it merely violated an informal oral agreement, which is not amenable to sanctions. Therefore, in deciding whether the trial court erred in finding no Civ.R. 11 violation, as a reviewing court, we must determine whether there were any legal grounds for the pleading; and if so, whether there was a willful violation of the rule warranting the imposition of sanctions. Barrish at ¶ 13, citing Lorain v. Elbert (Apr. 22, 1998), 9th Dist. No. 97CA006747, 1998 Ohio App. LEXIS 1739, at 8.
 {¶ 28} PBI claims that the document it filed was technically not a post-trial brief. However, we disagree and find that the document was indeed a brief as it went beyond supplying copies of additional case law to the court that supported its position. PBI violated the agreement that no post-trial briefs would be filed. Each and every day in courtrooms across the state lawyers agree to take some action or to forbear from taking some action in both pretrial and post trial proceedings and during the trial itself. Seasoned litigators give their word to their opponents and their opponents rely on the professionalism of their colleagues to keep their word. Without such agreements, trial *Page 8 
practice would slow to a snail's pace, causing the parties to incur unnecessary expense and endure unnecessary delays. When that trust is broken and an attorney is, in the parlance, "sandbagged" by their opponent, the profession suffers.
 {¶ 29} The "supplemental authorities" cited by PBI's counsel were decisions rendered in 1999 and 2004 and were therefore available to PBI's counsel at the time it filed its motion for summary judgment in November 2005 and its numerous subsequent motions in limine and other pleadings. See Biggerstaff v. Computer Prods., Inc. (Nov. 18, 1999), Charleston, S. Carolina Small Claims No. 99-SC-86-2785; Compoli v.Providence, 2004 Ohio C.P. No. 505876. Since the cases relied upon were not recently decided, there was no urgency to bring them to the court's attention. Furthermore, even if a brief had been permissible, Lake County Loc.R. III(D)(2) limits the attachment of case authorities to those opinions not available on Lexis or Westlaw. In addition, Lake County Loc.R. III(D)(3) expressly prohibits any attachment to briefs unless "they are absolutely necessary to support the motion or brief. Attachments and exhibits which merely explain or enhance the parties' position shall not be attached but may be forwarded to the judicial staff attorney for the appropriate judge." It is apparent to this court that counsel simply wanted "a second bite at the apple" to present and further enhance its position, which is in direct contravention of the in-court agreement and local rules.
 {¶ 30} Furthermore, the decisions themselves lend little support to PBI's position as they are factually distinguishable from the case at hand. In Biggerstaff, the only similarity was that the defendant company had used a chamber of commerce directory to send the plaintiff an unwanted fax. However, in contrast to the facts in the present *Page 9 
case, there is no indication that the defendant was a chamber member or that the fax was sent for networking purposes. Rather, the facts inBiggerstaff clearly indicate that the fax was an unsolicited advertisement since it was being sent to promote the defendant's computer products and services. Similarly, in Compoli, the plaintiff consumer had received three faxes that were deemed unsolicited advertisements because they advertised the company's loan services. PBI's reference to these decisions under the guise of "supplemental authority" do not justify PBI's blatant disregard of the trial court's mandate and the in-court agreement made between the parties that the court would not accept any additional briefs.
 {¶ 31} Under these circumstances, where PBI's counsel acted in direct contravention of the in-court agreement by filing case authorities that were available to him well in advance of the trial, we find that sufficient evidence was presented to show that counsel acted in willful violation of the court's directive that no further briefs would be accepted. Therefore, PBI should be sanctioned for this conduct upon remand.
 {¶ 32} Motion in Limine — On Obligation to Contact Bryant Stratton
 {¶ 33} Bryant Stratton also argues that sanctions should have been imposed against PBI for filing its motion in limine in which it asked the court to prohibit Bryant Stratton from introducing any arguments or into evidence that PBI had a duty to contact Bryant 
Stratton to request that no further "advertisements" be faxed to them or to warn that Bryant Stratton was breaking the law by sending such "advertisements." Bryant Stratton contends that this motion in limine was frivolous in that the motion appears to be an "off the shelf" motion PBI had filed in other cases and that the motion has no applicability to this case where PBI had only received one fax from them. *Page 10 
Consequently, Bryant Stratton maintains that the trial court should have imposed sanctions against PBI for filing this motion.
 {¶ 34} While it does appear to be a "stock motion," we disagree that sanctions were warranted for the filing of this particular motion. As the court determined, there was a legal basis for this motion in limine and there is no evidence that the decision was an abuse of discretion. In fact, PBI filed the motion in anticipation that Bryant Stratton would try to raise this as a defense at trial. However, as PBI points out, such a defense is improper since "recipients of unsolicited facsimile advertisements are not required to ask that senders stop transmitting such materials." Jemiola v. XYZ Corp., 126 Ohio Misc.2d 68,2003-Ohio-7321, at ¶ 16.
 {¶ 35} Furthermore, the fact that only one fax was sent does not render the motion frivolous. There can be a violation of the TCPA for sending even one unsolicited advertisement since the TCPA "does not contain any limitation on how many junk faxes are impermissible. To the contrary, the statute expressly refers to `an unsolicited advertisement' and a `violation.'" Grady v. Lenders Interactive Services, 8th Dist. No. 83966, 2004-Ohio-4239, at ¶ 36; see, also Reichenbach v. FinancialFreedom Centers, Inc., 6th Dist. No. L-03-1357, 2004-Ohio-6164, at ¶ 29, where the court applied a similar rationale to a violation of the TCPA involving one unsolicited telephone call, holding that "one call may be sufficient to support a cause of action." Therefore, Bryant 
Stratton's assertion that the filing of this motion was a sham because the motion was "meant to apply to cases where the Plaintiff alleges that it received numerous facsimiles from the same defendant over some long period of time" is weakened since there need only be one improper fax sent to be deemed a violation of the statute. The fact that the motion *Page 11 
may have contained language used in motions in other cases may be indicative of carelessness on the part of counsel, but it is not tantamount to a willful violation of Rule 11.
 {¶ 36} As applied to this case, there was no showing that PBI filed the motion in limine for reason of delay or that it did not have good grounds for filing the motion. Consequently, we find no abuse of discretion in the trial court's refusal to impose sanctions.
 {¶ 37} Motion for Attorney Fees
 {¶ 38} Bryant Stratton also contends that the trial court should have imposed sanctions against PBI for filing its motion for mandatory attorney fees. In this motion, Bryant Stratton sought attorney fees under the CSPA as well as damages under the CSPA and TCPA. On the day of trial, the CSPA claims were dismissed. Bryant Stratton contends that the filing of this motion asking for mandatory fees was frivolous and premature and subject to Rule 11 sanctions.
 {¶ 39} The trial court has discretion under R.C. 1345.09(F) to award attorney fees to the prevailing party in a CSPA action. While the right to such fees is not mandatory, the Supreme Court of Ohio has stressed the importance of awarding such fees to discourage deceptive, unfair, or unconscionable trade practices. "The Consumer Sales Practices Act, R.C. Chapter 1345, is a remedial law designed to compensate for traditional consumer remedies and must be liberally construed pursuant to R.C. 1.11. * * * Since recoveries under this Act are often small and generally insufficient to cover attorney fees, without an award of attorney fees many consumers would be persuaded not to sue." Parker v. I FInsulation Co., Inc. (2000), *Page 12 89 Ohio St.3d 261, 264, fn 1, citing Tanner v. Tom Harrigan Chrysler Plymouth,Inc. (1991), 82 Ohio App.3d 764, 765-766.
 {¶ 40} While PBI did not have an automatic right to attorney fees, if it had pursued this claim and been successful, it would have most likely been awarded such fees. Therefore, PBI would have had reasonable grounds to file the motion under those circumstances. However, we agree that PBI filed this motion prematurely. While we strongly discourage the filing of premature motions, there is no evidence in the record to suggest that PBI willfully acted in derogation of the requirements of Civ.R. 11. We are unwilling to substitute our judgment for that of the trial court and to hold that the trial court's decision not to award sanctions was an abuse of discretion.
 {¶ 41} The judgment of the Lake County Court of Common Pleas is affirmed in part, reversed in part and this case is remanded for proceedings consistent with this opinion.
DIANE V. GRENDELL, J., concurs,
CYNTHIA WESTCOTT RICE, P.J., dissents with Dissenting Opinion.
[1] Originally, the complaint named Raymond Omerza, the owner of PBI, as the plaintiff. However, Omerza subsequently voluntarily dismissed his individual claims.
[2] PBI also filed a motion in limine asking the court to prohibit Bryant Stratton from telling the jury it had the right to send the fax on the ground that it had an "established business relationship," which the court denied. In addition, PBI asked the court to prohibit any mention of prior lawsuits it was involved in and not to mention the issue of damages to the jury, which the court granted.
[3] The court granted PBI's motions in limine precluding Bryant 
Stratton from mentioning any issues pertaining to damages and from referring to any prior lawsuits involving PBI.
[4] Bryant Stratton mistakenly cites to Lake Cty. Court of Common Pleas Loc.R. III(D)(5). However, the correct rule regarding "spurious motions" is found in Lake Cty. Loc.R. III(D)(6).