OPINION
{¶ 1} Plaintiff-appellant Terry Mack appeals the September 24, 2007 and October 16, 2007 judgment entries of the Ashland Municipal Court in favor of Defendant-appellee Asset Acceptance.
 STATEMENT OF THE CASE {¶ 2} Appellee Asset Acceptance, LLC is the holder of a judgment rendered against Appellant in the Ashland Municipal Court. Appellee filed an affidavit, order and notice of garnishment with the court on January 5, 2007. Appellant then filed a motion to terminate wage garnishment, which was overruled on July 5, 2007.
 {¶ 3} Appellant then filed the instant small claims action against Appellee to recover "money owed from garnishment." The case was transferred to the regular docket pursuant to an unopposed motion filed by Appellee. Appellee then filed a motion to dismiss the claim. The motion was unopposed by Appellant.
 {¶ 4} Following a hearing, the trial court granted the motion to dismiss and scheduled a further evidentiary hearing on Appellee's motion for sanctions. The trial court conducted a hearing on the motion for sanctions on September 24, 2007. Prior to the commencement of the hearing, the trial court made a finding of frivolous conduct on the record. Appellant was represented by counsel at the hearing on sanctions.
 {¶ 5} Via Judgment Entry of October 16, 2007, the trial court ordered Appellant pay sanctions for frivolous conduct.
 {¶ 6} Appellant now appeals, assigning as error:
 {¶ 7} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY AWARDING ATTORNEY FEES WITHOUT A HEARING ON WHETHER OR NOT *Page 3 
THERE WAS FRIVOLOUS CONDUCT AND WITHOUT MAKING ANY FINDINGS TO SUPPORT SUCH A CONCLUSION."
 {¶ 8} Appellant asserts the trial court granted the motion for sanctions without conducting an evidentiary hearing as to whether Appellant engaged in frivolous conduct; therefore, there were not facts in evidence to support a finding of frivolous conduct.
 {¶ 9} Appellant argues a hearing must be held before a trial court can make a finding of frivolous conduct under Civil Rule 11. Sandberg v.John T. Crouch Co., 2006-Ohio-4519. Pursuant to R.C. 2323.51, the court must find the plaintiff willfully engaged in frivolous conduct.Wilson v. Marino, 2007-Ohio-1048. There must also be a specific finding of harassment or maliciousness. Gill v. Gill, 1997 Ohio App. Lexis 4541.
 {¶ 10} We agree with Appellant Ohio law generally requires a hearing in order to find frivolous conduct. Upon review of the record, the trial court conducted a hearing on the motion to dismiss on September 10, 2007. The trial court then conducted a hearing on the motion for sanctions on September 24, 2007. At the September 10, 2007 hearing on the motion to dismiss, the following exchange took place:
 {¶ 11} "Ms. Klemenok: Your Honor, we filed this Motion after we filed the Motion to remove this case from Small Claims Court to the active docket of Municipal Court. As you're aware this is, came to your Court. Mr. Mack filed an action to recover damages from us as a result of a wage garnishment. He was formerly represented by counsel, Tom Mason, who had filed a Motion To Terminate that garnishment. We opposed that Motion and at that time Mr. Mason indicated that there was no valid objection to the wage garnishment. So I'm not sure when Mr. Mack filed the lawsuit against us. We feel it's frivolous, that's why we filed a Motion To Terminate and a *Page 4 
Motion to Dismiss both — and Motions For Sanctions those Motions have gone unopposed. We're going to ask that we be awarded attorney's fees for our time in defending this action and preparing these Motions and that his Complaint against us be dismissed for failure to state a claim upon which relief can be granted.
 {¶ 12} "The Court: Okay. Thank you. Mr. Mack, do you want to be heard on this?
 {¶ 13} "Mr. Mack: Yes, Your Honor.
 {¶ 14} "The Court: You may be heard.
 {¶ 15} "* * *
 {¶ 16} "Mr. Mack: But in November of 1999, I received a letter from a Collin Associates, which I have right here, ah, I discovered this letter. Now, Collin Associates own, supposedly, the Judgment with Bank One. They were seeking a payment, ah, a payment to release this Judgment or whatever and they were going to give me a discount in 1999. Well, somewhere between 1999 and 2002 I received a letter from, it's called one of these surprised, How you doing, we'll give you a hell of a deal. We received a letter from Assets dated March 29th of 2002 stating that they would settle my claim for $3200. What's funny about that, in June 5th of 2003, I received a letter from a Kay Harris Financial Institute stating I'm being sued under a different Court Case number, and this Court Case No. is 03-CVF-00337. We have discovered that assets actually filed a different Court case and some other Court other than Ashland Municipal Court, which this originally came from. This Certificate of Judgment came in May of 1991.
 {¶ 17} "The Court: 1991? *Page 5 
 {¶ 18} "Mr. Mack: 1991. This letter's dated June 5th, 2003, under a different case number.
 {¶ 19} "The Court: Well —
 {¶ 20} "Mr. Mack: They went ahead —
 {¶ 21} "The Court: Just a second, just a second. I think that has already been resolved also by your Motion to re — by the Plaintiffs Motion to Revive Judgement [sic]. If you had an objection to that at that time, then that should have been raised at that time.
 {¶ 22} "Mr. Mack: We just discovered this, that's why we sued them in Small Claims Court.
 {¶ 23} "The Court: Well, that Judgment —
 {¶ 24} "Mr. Mack: This could have been resolved in Small Claims Court. She's the one that has me here. So we have a conflict of interest with you reviving the Judgment back in 2003, you know what, this letter dated in June 5th, 2003, stating that I've been sued, okay. You didn't revive the Judgment until September of 2003. Is the premonition that this company already knew I was sued before the Judgment got revived?
 {¶ 25} "The Court: I would have no idea about that.
 {¶ 26} "Mr. Mack: Because this is a different case number. You went back to the original case number that Ashland Municipal Court did, you revived that case number, okay. That is double jeopardy you cannot have two case numbers on the same docket. *Page 6 
 {¶ 27} "The Court: Well, all I can tell you, Mr. Mack, is that the Judgment or the reviver of the Judgment is a done deal at this point. That has been decided and that particular matter went completely to the Supreme Court.
 {¶ 28} "Ms. Klemenok: Yes, it did.
 {¶ 29} "Mr. Mack: Yes, it did, yeah, that's on the former Judgment at least.
 {¶ 30} "The Court: And they have made their final decision on this.
 {¶ 31} "Mr. Mack: You know, we can take this to a higher Court, it, it doesn't matter to me.
 {¶ 32} "The Court: Well, that, that will be your option, Mr. Mack, because I — I am going to grant the Defendant's Motion to Dismiss the Small Claims case. Now, I should have some testimony concerning the Application for Sanctions. Are you going to put on some testimony on that or are you going to submit some information, what are you asking?
 {¶ 33} "* * *
 {¶ 34} "The Court: Okay. Well, I suspect that ought to be done at a further Hearing.
 {¶ 35} "Ms. Klemenok: Okay. Would you prefer testimony or an Affidavit?
 {¶ 36} "The Court: I think in view of the circumstances, I think I better have some live testimony on that.
 {¶ 37} "Ms. Klemenok: Okay. We'll do it that way, Your Honor.
 {¶ 38} "The Court: Okay. If you'll do an Order on the Dismissal of the Small Claims action and we'll continue the Motion For Sanctions to another date."
 {¶ 39} Tr. at 2-8. *Page 7 
 {¶ 40} Upon review, we find the trial court did not abuse its discretion in finding Appellant engaged in frivolous misconduct. Appellant's complaint filed on July 9, 2007 indicates as statement of the claim, "money owed from garnishment, plus interest." Appellant's motion to terminate wage garnishment in the original action pending in the Ashland Municipal Court was overruled on July 5, 2007. Appellant's remedy was to appeal that decision or file for relief from judgment. Having done neither, we find the filing of Appellant's complaint was a collateral attack and frivolous as the issue is barred by res judicata and law of the case doctrine. Section 2323.61 (A)(2)(a)(ii) defines "frivolous conduct" as conduct not warranted under existing law and cannot be supported by a good faith argument for an extension, modification or reversal of existing law. Filing a complaint barred by res judicata is frivolous conduct. Cincinnati Ins. Co. v. Oanceao, 2005 Ohio App. Lexis 4428. An evidentiary hearing was not necessary to establish res judicata applied.
 {¶ 41} For the foregoing reason, the judgment of the Ashland Municipal Court is
affirmed.
 Hoffman, P.J., Gwin, J. and Farmer, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland Municipal Court is affirmed. Costs assessed to Appellant. *Page 1