[Cite as *Crenshaw v. Integrity Realty Group, L.L.C.*, 2013-Ohio-5593.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   100031

## MARIAH CRENSHAW

### PLAINTIFF-APPELLANT

vs.

## INTEGRITY REALTY GROUP, L.L.C.

### DEFENDANT-APPELLEE

### JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-749067

**BEFORE:**   E.A. Gallagher, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   December 19, 2013

**FOR APPELLANT**

Mariah Crenshaw, pro se
3472 E. 114th Street
Cleveland, OH    44104


**ATTORNEY FOR APPELLEES**

David M. Gareau
Michael R. Gareau & Assoc. Co.
23823 Lorain Road
Suite 200
North Olmsted, OH    44070

EILEEN A. GALLAGHER, J.:

{¶1} Appellant Mariah Crenshaw appeals the judgment of the Cuyahoga County Court of Common Pleas granting attorney fees and costs in favor of Integrity Realty, L.L.C. d.b.a. Shaker North, Ltd. ("Integrity"), pursuant to R.C. 2323.51. For the following reasons, we affirm the judgment of the trial court.

{¶2} The procedural history of this case was examined in *Crenshaw v. Integrity Realty, L.L.C.*, 8th Dist. Cuyahoga No. 98051, 2012-Ohio-4166 ("*Crenshaw* I"):

> Crenshaw is a former tenant of an apartment complex managed by Integrity. The parties entered into a lease agreement for a twelve-month term beginning on April 1, 2009. On March 18, 2010, Integrity, through its business name Shaker North, filed a forcible entry and detainer action against Crenshaw in the Cleveland Municipal Court seeking possession of the premises, back rent, and late charges. Crenshaw filed an answer and counterclaim, alleging religious discrimination, retaliation, breach of the lease agreement, and breach of an implied covenant of quiet enjoyment.
>
> The Cleveland Municipal Court dismissed Integrity's claim for possession when Crenshaw moved out of the apartment. It later dismissed Integrity's remaining claims for back rent and late fees and granted Crenshaw's motion for summary judgment on her counterclaims. Integrity filed a motion for reconsideration and for relief from judgment. In January 2011, both parties agreed to voluntarily dismiss their claims before the Cleveland Municipal Court. The parties signed an agreed judgment entry, which stated in part:
>
> "By agreement of the parties and approval of the Court:
>
> 1. [Shaker North, Ltd.]'s motion for reconsideration is granted, the case restored to original status quo at the time of completion of filing of pleadings, the entry dismissing [Shaker North, Ltd.]'s second cause of action and granting [Crenshaw]'s judgment on her counterclaim, being, accordingly, vacated. Plaintiff's first cause was already dismissed.

2. [Shaker North, Ltd.] dismisses its second cause of action with prejudice.

3. [Crenshaw] dismisses her counterclaim with prejudice.

4. [Shaker North, Ltd.] shall bear costs.

5. Nothing herein shall be taken as an admission of liability by either party."

Thereafter, Crenshaw filed this action in the Cuyahoga County Common Pleas Court based on the same lease, alleging fraud, breach of contract, and a frivolous lawsuit. Integrity promptly filed a motion for summary judgment. The trial court granted the motion on grounds that Crenshaw's claims were barred by res judicata and by Crenshaw's settlement of a separate common pleas action.

*Crenshaw* I at ¶ 2-4.

**{¶3}** In *Crenshaw* I, this court affirmed the trial court's decision granting summary judgment in favor of Integrity as Crenshaw's causes of action were barred by res judicata and collateral estoppel. One week following the trial court's final order granting summary judgment, Integrity filed a motion for attorney fees and court costs pursuant to R.C. 2323.51. Appellant appealed the trial court's summary judgment decision to this court and the trial court stayed Integrity's R.C. 2323.51 motion pending our decision in *Crenshaw* I.

**{¶4}** Following our decision in *Crenshaw* I, the trial court held a frivolous conduct hearing pursuant to R.C. 2323.51 on June 17, 2013. The trial court heard arguments and witness testimony on the record, concluded that appellant had engaged in

frivolous conduct as defined by R.C. 2323.51(A)(2) and ordered appellant to pay Integrity's attorney fees and costs in the amount of $11,625.00. This appeal followed.

{¶5} Appellant presents a sole assignment of error: that the trial court erred in granting attorney fees based on frivolous conduct. However, within this assignment of error, appellant presents numerous sub-arguments and alternative theories for reversing the judgment of the trial court. Each is addressed below.

{¶6} We begin by noting that "R.C. 2323.51 provides for an award of attorney fees to a party harmed by 'frivolous conduct' in a civil action." *Moss v. Bush*, 105 Ohio St.3d 458, 2005-Ohio-2419, 828 N.E.2d 994, fn. 3. Under the statute, the General Assembly expressly vests the decision to award sanctions, including an award of reasonable attorney fees, in the court. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 10, citing R.C. 2323.51(B)(1). As such, we will not reverse a lower court's decision on whether to award sanctions under R.C. 2323.51 absent an abuse of discretion. *Id*. at ¶ 11. To establish an abuse of discretion, appellant must prove that the trial court's decision denying sanctions was unreasonable, arbitrary, or unconscionable. *Id*. at ¶ 11.

{¶7} "Frivolous conduct" is defined under R.C. 2323.51, in pertinent part, as conduct that satisfies the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

**{¶8}** R.C. 2323.51 applies an objective standard in determining frivolous conduct, as opposed to a subjective one. *Hardin v. Naughton*, 8th Dist. Cuyahoga No. 99182, 2013-Ohio-2913, ¶ 14, citing *State Farm Ins. Co. v. Peda*, 11th Dist. Lake No. 2004-L-082, 2005-Ohio-3405. The finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed. *Id.*, citing *Ceol v. Zion Indus., Inc.*, 81 Ohio App.3d 286, 289, 610 N.E.2d 1076 (9th Dist.1992). In determining whether a claim itself is frivolous, the test is whether no reasonable lawyer would have brought the action in light of the existing law. *The James Lumber Co. v. Nottrodt*, 8th Dist. Cuyahoga No. 97288, 2012-Ohio-746, ¶ 25, citing *Orbit Elec., Inc. v. Helm Instrument Co.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91 (8th Dist.).

**{¶9}** What constitutes frivolous conduct under R.C. 2323.51 may be a factual determination or a legal determination. *ABN Amro Mtge. Group, Inc. v. Evans*, 8th

Dist. Cuyahoga No. 98777, 2013-Ohio-1557, ¶ 14. On review, a trial court's findings of fact are given substantial deference and are reviewed under an abuse of discretion standard, while legal questions are subject to de novo review by an appellate court. *Borowski v. Showtime Builders, Inc. (In re Amato)*, 8th Dist. Cuyahoga No. 92609, 2010-Ohio-67, ¶ 12, citing *State Farm Ins. Cos. v. Peda*, 11th Dist. Lake No. 2004-L-082, 2005-Ohio-3405, ¶ 28.

{¶10} Initially, we note that, to the extent appellant challenges the factual determinations of the trial court supporting it's decision, she has failed to include the transcript of the court's frivolous conduct hearing for our review and, in its absence, we presume the regularity of the proceeding below. *In re Guardianship of Muehrcke*, 8th Dist. Cuyahoga Nos. 85087 and 85183, 2005-Ohio-2627, ¶ 17. However, appellant does assert a number of arguments that present questions of law that we review de novo.

{¶11} Citing *Stuber v. Parker*, 8th Dist. Cuyahoga No. 77495, 2000 Ohio App. LEXIS 5101 (Nov. 2, 2000), appellant argues that the trial court should have denied Integrity's motion for frivolous conduct because such a complaint is a compulsory counterclaim. Appellant's reliance upon *Stuber* is misplaced because that case did not involve a claim for frivolous conduct brought pursuant to R.C. 2323.51 but rather dealt with a situation where a party filed a complaint for frivolous conduct in a common pleas court after failing to raise the claim in an underlying municipal case upon which it was based. In fact, *Stuber* made no reference at all to R.C. 2323.51. Appellant's

construction of *Stuber* as requiring Integrity to assert its R.C. 2323.51 claim for frivolous conduct as a compulsory counterclaim during the pleading stage is patently inconsistent with the language of the statute that provides that the appropriate time frame to seek attorney fees based upon frivolous conduct is, "at any time not more than thirty days after the entry of final judgment in a civil action * * *" and that the appropriate vehicle to seek such costs is by filing a motion. Furthermore appellant's position is inconsistent with the manner in which this court has previously treated claims of frivolous conduct based on a cause of action that is, itself, alleged to be frivolous. *See, e.g., James Lumber Co. v. Nottrodt*, 8th Dist. Cuyahoga No. 97288, 2012-Ohio-1746; *Cleveland Indus. Square, Inc. v. Dzina*, 8th Dist. Cuyahoga Nos. 85336, 85337, 85422, 85423, 85441, 2006-Ohio-1095. We find no error because Integrity's motion was filed within the time frame specified by R.C. 2323.51(B)(1).

{¶12} Appellant presents a variety of arguments that are procedural in nature and interrelated including: (1) the trial court lacked standing to rule on Integrity's motion for attorney fees and court costs; (2) the trial court erred by ruling on Integrity's R.C. 2323.51 motion following this court's decision in *Crenshaw* I and (3) the trial court erred by ruling on Integrity's motion following the decision granting summary judgment in favor of Integrity. The record does not support any of appellant's arguments. As discussed above, R.C. 2323.51 allows for the filing of a frivolous conduct motion "at any time not more than thirty days after the entry of final judgment." The trial court's

final order granting summary judgment in favor of Integrity was issued on February 16, 2012. Integrity's frivolous conduct motion was filed on February 23, 2012, well within the statutorily specified time frame. Although appellant appears to acknowledge this fact, appellant's incongruous citations to the federal rules of civil procedure are misplaced. Appellant appears to assert that Integrity should have filed its motion for attorney fees and court costs with this court as part of her appeal in *Crenshaw* I. This position is contrary to the procedure set forth in R.C. 2323.51. Appellant's arguments are not supported by Ohio law and are without merit.

{¶13} In appellant's next argument, she asserts that the trial court sanctioned her conduct but did not apply the same standard to the conduct of Integrity's attorney. As previously noted appellant has failed to provide this court with a transcript of the proceedings that might have allowed us greater insight into the conduct of the parties below. Nonetheless, we find appellant's argument to be outside the scope of the present appeal because this appeal is founded solely on the trial court's order granting attorney fees and court costs in favor of Integrity. Appellant did not file her own R.C. 2323.51 motion and such a hypothetical motion is not before us. The record reflects that appellant filed a number of motions for sanctions relating to discovery during the pendency of the underlying case. The appropriate time to challenge the trial court's denial of those sanctions would have been appellant's prior appeal in *Crenshaw* I.

{¶14} Next, appellant argues that the statement of this court at the conclusion of

*Crenshaw I* that, "[t]he court finds there were reasonable grounds for this appeal" operated to preclude consideration of Integrity's motion pursuant to R.C. 2323.51. This statement has no bearing on the conduct of the parties at the trial level that is the subject of R.C. 2323.51 but instead pertains to App.R. 23 and Loc.R. 23 regarding frivolous conduct on appeal.

{¶15} Finally appellant challenges the trial court's finding that she engaged in frivolous conduct and argues that she filed her complaint in good faith. Appellant argues that Integrity misrepresented itself to her and hid the fact that it held a privity relationship with "Shaker North LTD," with whom appellant had previously engaged in litigation regarding this occurrence. Again, appellant's failure to include the transcript of the trial court's frivolous conduct hearing in large part precludes our ability to review the factual conclusions of the trial court. However we do note that the lease agreement between the parties, attached to appellant's amended complaint, prominently features Integrity Realty Group in its title and also lists the owner of the building as "Shaker North LTD." Responding to the complaint, Integrity filed a motion for summary judgment noting that appellant's claims were barred by res judicata and that Integrity and "Shaker North LTD" were the same party.[1] Nonetheless, appellant proceeded with the litigation, engaged in extensive motion practice and made efforts to seek discovery

---

[1] Further undercutting appellant's present argument we note that appellant's complaint included a cause of action for frivolous conduct based upon Integrity's conduct in the underlying Cleveland Municipal Court case.

for ten months before the trial court eventually granted summary judgment.

{¶16} In *Crenshaw* I, this court found appellant's underlying causes of action in this case to be barred by res judicata and collateral estoppel. Ohio courts have held that filing a claim that is clearly barred by res judicata meets the definition of frivolous conduct in R.C. 2323.51(A)(2)(a)(ii). *Mack v. Asset Acceptance*, 5th Dist. Ashland No. 07-COA-044, 2008-Ohio-5108; *Cincinnati Ins. Co. v. Oancea*, 6th Dist. Lucas No. L-05-1007, 2005-Ohio-4872, citing *Sain v. Roo*, 10th Dist. Franklin No. 01AP-360, 2001-Ohio-4115; *Streb v. AMF Bowling Ctrs.*, 10th Dist. Franklin No. 99AP-633, 2000 Ohio App. LEXIS 1927 (May 4, 2000); *Stuller v. Price*, 10th Dist. Franklin No. 03AP-30, 2003-Ohio-6826. While we are unable to fully review the trial court's factual findings due to appellant's failure to include the relevant transcript we find no support for appellant's present argument in the record.

{¶17} Appellant's assignment of error is overruled.

{¶18} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR